UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WOODS,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>R. M. DIAZ, Warden,<br><br>　　　　　　Respondent. | Case No. CV 16-01700-BRO (KES)<br><br>ORDER TO SHOW CAUSE |

On or about March 3, 2016, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of California.[1]

On March 10, 2016, an Order Transferring Case to the United States District Court for the Central District of California was issued by District Judge Cynthia Bashant. (Dkt. 2, 2-1.)

---

[1] As a preliminary matter, the Court notes that the Petition was directed to the Los Angeles County Superior Court. Petitioner failed to verify and date the Petition. (Dkt. 1 at 10.) See 28 U.S.C. § 2242; Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 83-16.2. Petitioner also failed to utilize the form approved by the United States District Court for the Central District of California. See Local Rule 83-16.1.

1

The Petition is directed to a conviction sustained by Petitioner on October 25, 2012, in the Los Angeles County Superior Court for one count of making a criminal threat and one count of witness intimidation. (Dkt. 1 at 2.) Petitioner was sentenced to state prison for a term of 60 years to life. (Id.) Petitioner has alleged the following grounds for relief: (1) Due process violation: The court admitted prejudicial hearsay that could not be effectively cross-examined by defense; and (2) Ineffective assistance of counsel at sentencing. (Id. at 3-8.) [2]

**1.  It appears from the face of the Petition that this action is time-barred.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).[3]  The AEDPA provides a one-year limitation period as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the

---

[2]  All page citations are to the electronic CM/ECF pagination.

[3]  Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1       exercise of due diligence.

2 28 U.S.C. § 2244(d).

3     Here, pursuant to Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the Internet)"), the Court takes judicial notice from the California Appellate Courts' website that Petitioner's Petition for Review was denied by the California Supreme Court on November 26, 2013. Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on February 24, 2014, when the 90-day period for Petitioner to petition the United States Supreme Court for a writ of certiorari expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Accordingly, the statute of limitations commenced to run on February 25, 2014, unless subsections B, C or D of 28 U.S.C.§2244(d)(1) apply.

    Petitioner makes no contention that he was impeded from filing his federal petition by unconstitutional state action and is thereby entitled to a later trigger date under § 2244(d)(1)(B). Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (rejecting proposition that state's determination of state law can constitute "impediment" under 28 U.S.C. §2244(d)(1)(B) as provision applies to impediments to filing a petition, not law which impacts whether a claim is meritorious), cert. denied, 546 U.S. 1171 (2006).

    Petitioner also makes no contention that he is entitled to a later start date under § 2244(d)(1)(C) with respect to his claims. Petitioner does not rely upon any constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

    Finally, Petitioner has no basis for contending that he is entitled to a delayed start date under § 2244(d)(1)(D) based on delayed discovery. Under that subsection,

3

the statute of limitations begins to run when the "factual predicate" of Petitioner's claims "could have been discovered through the exercise of due diligence." The term 'factual predicate' refers to the facts underlying the claim, not the legal significance of those facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)("This is not to say that [Petitioner] needed to understand the legal significance of those facts - rather than simply the facts themselves - before the due diligence (and hence the limitations) clock started ticking"). Because the claims raised in the Petition concern alleged constitutional violations that occurred during trial and sentencing, Petitioner knew or should have known the important facts on which he bases his claims at the time he was sentenced in 2012 and upon the expiration of his direct appeal in 2013. At most, "[P]etitioner's allegations merely establish that he was unaware of the legal significance of the facts underlying his sentencing error and ineffective assistance of counsel claims ... not that [P]etitioner was unaware of the factual predicate of those claims." Perry v. Uribe, 2011 WL 6257139 *6 (C.D. Cal. Nov. 10, 2011), adopted, 2011 WL 6288107 (C. D. Cal. Dec.15, 2011). The fact that Petitioner did not appreciate the legal significance of these facts does not constitute a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D). Accordingly, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was February 25, 2015. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88. Petitioner filed his Petition on March 3, 2016; thus, the Petition was filed approximately eleven months after the statute of limitations expired and is facially untimely, absent statutory or equitable tolling.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed below, it appears to the Court that Petitioner has not met his burden with respect to

demonstrating any entitlement to statutory or equitable tolling.

The AEDPA provides for statutory tolling, as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).

Here, it appears from the face of the Petition that Petitioner did not file any collateral challenges. Thus, it does not appear to the Court that Petitioner is entitled to any statutory tolling of the limitation period.

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter,

620 F.3d at 959 (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda, 292 F.3d at 1066. Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it does not appear from the face of the Petition that Petitioner has any basis for equitable tolling of the limitation period. The Court notes in this regard that neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling Petitioner to any equitable tolling of the limitation period. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling).

Thus, the Petition filed on or about March 3, 2016, is untimely by approximately eleven months.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,

260 F.3d 1039, 1042-43 (9th Cir. 2001).

### 2. **It appears that Petitioner's claims are unexhausted**.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless the petitioner has exhausted the remedies available in the courts of the State. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that the prisoner's contentions be "fairly presented" to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). In order to satisfy the fair presentation requirement, the prisoner must describe in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Anderson v. Harless, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made."); Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) ("[T]he petitioner must make the federal basis [of the claim]

explicit either by citing federal law or the decisions of federal courts, even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds."), as amended by 247 F.3d 904 (9th Cir. 2001); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from a review of the Petition that Petitioner has not presented his claims in Grounds One and Two to the California Court of Appeal or to the California Supreme Court. (Dkt. 1 at 3-8.) On direct appeal Petitioner argued that the trial court abused its discretion in not dismissing at least two of the three prior strike convictions as permitted under People v. Romero, 13 Cal. 4th 497 (1996). Petitioner did not raise the claims contained in Grounds One and Two of the instant Petition.

IT THEREFORE IS ORDERED that, on or before **April 15, 2016**, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed on the grounds of untimeliness and lack of exhaustion.

DATED: March 17, 2016

/s/ Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE